MUNSELL *v.* LEWIS, 2 Denio, 224.

In S. Ct. 4 Hill, 635.

*Canal Commissioners and Canal Contractors; Assumpsit.*

THE defendant below, and another person, in November, 1834, contracted with the canal commissioners to perform certain work on the Chenango canal, by October, 1836; and having commenced the work, they, in January, 1836, assigned their contract to the plaintiff, who agreed to finish the job at his own expense, for the price stipulated in the original contract; which upon his completion of the work, were paid to him. In April, 1836, an act was passed, providing for extra allowances to the *contractors* on this canal, (Laws, 1836, p. 201,) to be made by the canal commissioners on good cause shown to them, &c.; under which an award was made in favor of the original contractors in this case, and one half of the sum awarded was paid to the defendant in this suit, as one of the contractors provided for in the act. After the receipt of the money by him, the plaintiff brought his action for money had and received to his use; claiming to be the party beneficially interested in the grant or donation made by the Legislature to the contractors, and that the defendant received the amount awarded merely as his trustee.

The Supreme Court held, that the action could not be sustained; that there was nothing in the act but a mere legislative gratuity or donation to the contractors, and that the plaintiff being merely a *sub*-contractor, had no legal or equitable right to the sum awarded. On writ of error,

The Court of Errors held, that the plaintiff having com-

8

pleted the job, was entitled to be substituted in the place of the *contractor*, and that the award of the canal commissioners in favor of the defendant's claim, as one of the contractors, did not settle who was entitled to the money, as between them and their sub-contractor; that the plaintiff was entitled to the money, and could recover it in an action of assumpsit for money had and received to his use.

☞ This seems to have been a decision made upon some facts or considerations *dehors* the record, and the case as there presented. It might, perhaps, be sustained upon principle, if the original contractors had, upon the assignment of their contract to the plaintiff, procured him to be accepted in their place, and had been themselves discharged by the canal commissioners. Nothing whatever of this kind was done. The canal commissioners never recognized any such substitution, nor were they in any manner parties to the arrangement. In awarding the damages to the defendant and his associate, they exercised the discretion which the act gave them, and whether the plaintiff made any claim or not, their award would appear to have been final, and not subject to any direct review by any judicial tribunal whatever. If they had refused to award to the original contractors, there was no appeal provided for. And if upon the claim of the *sub-contractor* they had rejected that also, *he* would have been equally without appeal. In every point of view, then the decision of the Supreme Court seems to have been in conformity to the law, as well as the equity of the case. This case seems therefore to be entitled to rank with that class of decisions, happily rare, where the court has overlooked the distinction between its judicial and its legislative functions, and has passed a *law* for the relief of the party, instead of deciding the mere forensic question presented to it.

The act *of relief* or *judgment* of *reversal*, passed by a vote of 13 to 6.